IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:23CR3088 |
| vs. | |
| CLIFTON D. DAVIS JR., | REPORT, RECOMMENDATION, AND ORDER |
| Defendant. | |

Defendant is charged with being an unlawful user of or addicted to controlled substances in possession of firearms in violation of 18 U.S.C. § 922(g)(3), (Filing No. 1, Count IV), and falsely stating he does not use controlled substances when purchasing firearms in violation of 18 U.S.C. § 922(a)(6). (Filing No. 1, Counts I, II, and III). Defendant moves to dismiss the charges, claiming they are unconstitutionally vague as applied to him and facially. Defendant further claims § 922(g)(3) violates the Second Amendment. (Filing No. 25). For the reasons stated below, the motion to dismiss should be denied.

A. Second Amendment challenge to 18 U.S.C. § 922(g)(3)

Defendant contends the charge for violating § 922(g)(3) violates the Second Amendment and must therefore be dismissed as unconstitutional on its face and as applied to him.

1) Facial Challenge

The Second Amendment states, "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." In 2008, the United States Supreme Court dissected and

evaluated the various interpretations of this language, ultimately deciding "on the basis of both text and history, that the Second Amendment conferred an individual right to keep and bear arms," irrespective of any connection to service in a militia. D.C. v. Heller, 554 U.S. 570, 595, 626–27 (2008).

In United States v. Seay, 620 F.3d 919 (8th Cir. 2010), the Eighth Circuit addressed whether 18 U.S.C. § 922(g)(3) is facially unconstitutional under Heller. Seay held that 18 U.S.C. § 922(g)(3), having the "same historical pedigree as other portions of § 922(g)" is constitutional, serves the congressional intent of "keep[ing] firearms out of the possession of drug abusers, a dangerous class of individuals," and "is the type of 'longstanding prohibition on the possession of firearms' that Heller declared presumptively lawful." Seay, 620 F.3d at 925 (quoting Heller, 554 U.S. at 626).

After the Heller decision, several circuits adopted a "two-step" framework for analyzing Second Amendment challenges. Under that framework, the courts first considered whether the challenged law's alleged restriction on the right to bear arms was rooted in history. If it was, the law did not violate the Second Amendment. But if the restriction was not historically recognized or the answer to that question was inconclusive, the courts applied either a strict or intermediate scrutiny test to balance the benefits of the restriction against the severity of its burden on the right to keep and bear weapons. Bruen, 142 S. Ct. at 2117–18.

Bruen rejected the two-part test, abrogating the law in several circuits. Notably, the Eighth Circuit was not listed among them. Bruen, 142 S. Ct. at 2127 n. 4. Bruen held:

> Despite the popularity of this two-step approach, it is one step too many. Step one of the predominant framework is broadly consistent with Heller, which demands a test rooted in the Second Amendment's

2

text, as informed by history. But Heller and McDonald do not support applying means-end scrutiny in the Second Amendment context. Instead, the government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms.

Bruen, 142 S. Ct. at 2127. Bruen reaffirmed and applied the test set forth in Heller. That test "requires courts to assess whether modern firearms regulations are consistent with the Second Amendment's text and historical understanding." Bruen, 142 S. Ct. at 2131.

Consistent with the ruling in Bruen, Seay applied Heller when it concluded 18 U.S.C. § 922(g)(3) was facially constitutional. Bruen neither directly nor effectively overruled Seay. While the landscape of Second Amendment jurisprudence in the Eighth Circuit may shift post-Bruen, as to the facial constitutionality of §922(g)(3), the Eighth Circuit must take the lead. Until the Eighth Circuit says otherwise, this court must follow Seay. United States v. Walker, No. 8:22-cr-291, 2023 WL 3932224, at *1 (D. Neb. June 9, 2023) (Buescher, J.); United States v. Le, No. 4-23-cr-00014-SHL-HCA, 2023 WL 3016297, at *4 (S.D. Iowa Apr. 11, 2023) (Locher, J.).

Defendant's motion challenging the constitutionality of §922(g)(3) on its face must be denied.

2) As-Applied Challenge

It appears Defendant raises the "as-applied" challenge to alert the court that it may be raised when the issue is ripe. The court cannot rule on Defendant's as applied constitutional challenge without resolving factual issues related to his alleged offense, such as the extent of his drug use, and therefore the court must

3

defer a ruling on that issue until trial. United States v. Turner, 842 F.3d 602, 605 (8th Cir. 2016). See also Walker, 2023 WL 3932224, at *5 (holding the as-applied challenge to §922(g)(3) was premature because "the scope of [Defendant's] drug use and the extent of his possession of the firearm are directly implicated by both his as-applied Second Amendment challenge and the issues to be resolved at trial"). Defendant's as-applied challenge to 18 U.S.C. § 922(g)(3) should be dismissed without prejudice to re-raising upon an appropriate trial record.

B. Vagueness challenge to 18 U.S.C. § 922(g)(3) and § 922(a)(6)

Defendant moves to dismiss Counts 1-4 of the Indictment as unconstitutionally vague, both as applied and facially "[b]ecause "user of" or "addicted to" a controlled substance is vague and fails to provide a person of ordinary intelligence fair notice of what is prohibited." (Filing No. 26, at CM/ECF pp. 1-2).

"A criminal statute is unconstitutionally vague in violation of the Fifth Amendment due process clause if it 'fails to give ordinary people fair notice of the conduct it punishes, or [is] so standardless that it invites arbitrary enforcement.' " United States v. Turner, 842 F.3d 602, 604 (8th Cir. 2016) (quoting Johnson v. United States, 576 U.S. 591, 595 (2015)). Here, Defendant's motion requires the court to determine whether, under the facts presented, Defendant could be considered addicted to or an unlawful user of controlled substances when he completed applications to purchase and possessed guns. Since the court cannot decide the merits of the motion to dismiss without deciding on the facts surrounding the commission of the alleged offenses, Defendant's vagueness challenge cannot be ruled upon without a trial on the merits. Defendant's motion to dismiss the charges as vague must therefore be denied as premature. Turner, 842 F.3d at 605 (holding "the district court could not rule on [Defendant's] as applied constitutional

4

challenge [to 18 U.S.C. § 922(g)(3)] without resolving factual issues related to his alleged offense, such as the extent of his drug use, and therefore the court should have deferred ruling until trial"). Moreover, Defendant has failed to show that the terms "user of" or "addicted to" controlled substances are vague as to his particular conduct. His facial challenge to 18 U.S.C. § 922(g)(3) and § 922(a)(6) as void for vagueness must therefore be denied. United States v. Bramer, 832 F.3d 908, 909–10 (8th Cir. 2016). See also United States v. Ariza, No. 8:21-cr-102, 2021 WL 3144867, at *1 (D. Neb. July 26, 2021) (Buescher, J.)

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable John M. Gerrard, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b), that the motion to dismiss filed by the defendant (Filing No. 25) be denied in its entirety.

The defendant is notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

IT IS ORDERED:

1) A telephonic conference with counsel will be held before the undersigned magistrate judge at 9:15 a.m. on January 9, 2024 to discuss setting any change of plea hearing, or the date of the jury trial and deadlines for disclosing experts as required under Rule 16. Counsel for all parties shall use the conferencing instructions provided by the court to participate in the call.

2) The time between today's date and January 9, 2024 shall be deemed excludable time in any computation of time under the requirements of the Speedy Trial Act, because although counsel have been duly diligent, additional time is needed to adequately prepare this case for trial and failing to grant additional time might result in a miscarriage of justice. 18 U.S.C. § 3161(h)(1) & (h)(7). Failing to timely object to this order as provided under this court's local rules will be deemed a

5

waiver of any right to later claim the time should not have been excluded under the Speedy Trial Act.

Dated this 6th day of December, 2023.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge