IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>CLIFTON D. DAVIS, JR.,<br><br>　　　　　　Defendant. | 4:23-CR-3088<br><br>ORDER |

　　　　This matter is before the Court on the defendant's objection (filing 38) to the Magistrate Judge's Findings and Recommendation (filing 30) recommending that the defendant's motion to dismiss (filing 25) be denied. The Court has conducted a de novo review of the motion to dismiss pursuant to 28 U.S.C. § 636(b)(1). The defendant's objection will be overruled, and the Court will adopt the Magistrate Judge's findings and recommendation.

　　　　Specifically, the Court agrees that *United States v. Seay*, 620 F.3d 919 (8th Cir. 2010) controls the defendant's facial constitutional challenge to 18 U.S.C. § 922(g)(3). Because *Seay* did not engage in the means-end scrutiny abrogated by the Supreme Court in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), this Court regards *Seay* as binding and leaves to the Eighth Circuit "the prerogative of overruling its own decisions." *United States v. Le*, No. 4:23-cr-14, 2023 WL 3016297, at *2 (S.D. Iowa Apr. 11, 2023) (quoting *United States v. Coonce*, 932 F.3d 623, 641 (8th Cir. 2019)).

　　　　And the defendant's facial void-for-vagueness challenge to both §§ 922(g)(3) and 922(a)6) must be denied. Before mounting a facial challenge to a statute for vagueness, the defendant must first prove that the statute is vague as applied to his particular conduct . . . and if he shows that the statute is unconstitutional as applied to him, a facial challenge will be unnecessary.

*United States v. Bramer*, 832 F.3d 908, 909 (8th Cir. 2016) (citing *United States v. Cook*, 782 F.3d 983, 987 (8th Cir. 2015), *cert denied*, 577 U.S. 906 (2015)); *United States v. Stupka*, 418 F. Supp. 3d 402, 413 (N.D. Iowa 2019).

 The Court agrees with the Magistrate Judge's recommendation to deny the defendant's as-applied Second Amendment challenge to § 922(g)(3), and his as-applied vagueness challenges to §§ 922(g)(3) and 922(a), without prejudice to reassertion upon a full evidentiary record. *See Stupka*, 418 F. Supp. 3d at 406 ("[A] district court must wait until the facts of a case are fully developed at trial before ruling on an as-applied vagueness challenge" (citing *United States v. Turner*, 842 F.3d 602, 605 (8th Cir. 2016))); *but see Bramer*, 832 F.3d at 910 (section 922(g)(3) is not vague as applied to a defendant's "conduct of possessing firearms while regularly using marijuana"); *United States v. Jackson*, 69 F.4th 495, 505 (8th Cir. 2023) (the Second Amendment is not offended when Congress prohibits "categories of presumptively dangerous persons from transporting or receiving firearms" based on its belief that people in those categories "deviate[] from legal norms or . . . present[] an unacceptable risk of dangerousness").

 Accordingly,

IT IS ORDERED:

1.  The Magistrate Judge's Findings and Recommendation and Order (filing 30) is adopted.

2.  The defendant's objection (filing 38) is overruled.

3.  The defendant's motion to dismiss (filing 25) is denied, and his as-applied challenges to 18 U.S.C. §§ 922(g)(3) and

2

922(a)(6) are denied without prejudice to be reasserted upon a full evidentiary record.

Dated this 9th day of February, 2024.

BY THE COURT:

_John M. Gerrard_
John M. Gerrard
Senior United States District Judge

922(a)(6) are denied without prejudice to be reasserted upon a full evidentiary record.

Dated this 9th day of February, 2024.

BY THE COURT:

*signature: John M. Gerrard*
John M. Gerrard
Senior United States District Judge